UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

DOCKETED

FEB 0 1 2001

| | | |
|---|---|---|
| MARK WACHHOLZ, as Administrator of the Estate of Alex Wachholz, on his behalf and on behalf of his wife, JILL WACHHOLZ and his children, MEGAN WACHHOLZ and MARLEIGHA LOSSIN, minors, and as father and next friend of MEGAN WACHHOLZ, | ) ) ) ) ) ) ) ) ) | MAGISTRATE JUDGE GERALDINE SOAT BROWN |

MAGISTRATE JUDGE
GERALDINE SOAT BROWN

JUDGE GETTLEMAN

01C 0698

Plaintiffs,       )

v.                )       NO.

LEVOLOR HOME FASHIONS, INC.,      )       JURY DEMANDED
a North Carolina Corporation; and      )
HABITAT STORES, INC.,      )
a Delaware corporation,      )       JAN 3 1 2001
      )
Defendants.      )       MICHAEL W. DOBBINS
                          CLERK, U.S. DISTRICT COURT

COMPLAINT

Plaintiffs, Mark Wachholz, as Administrator of the Estate of Alex Wachholz, on

his behalf and on behalf of his wife, Jill Wachholz and his children, Megan Wachholz

and Marleigha Lossin, minors, and as father and next friend of Megan Wachholz, by and

through their attorneys, James E. Dahl and Paul N. Bonadies, state by way of Complaint

against defendants, Levolor Home Fashions, Inc., and Habitat Stores Inc. as follows:

Parties

1.      Plaintiff, Mark Wachholz, was appointed Independent Administrator of the Estate of Alex Wachholz on January 31, 2001 by the 18th Judicial Circuit Court of DuPage County, Case No. 01 P 0064. Plaintiff, Mark Wachholz, brings this action as the Administrator of the Estate of Alex Wachholz, on his behalf and on behalf of his wife, Jill Wachholz and his children Megan Wachholz and Marleigha Lossin, minors, and as father and next friend of Megan Wachholz. At all times relevant to this action, Mark Wachholz, Jill Wachholz and Megan Wachholz resided in Lombard, Illinois. Marleigha Lossin was Alex Wachholz' half-sister and resides with her mother, Leigha Lossin, in Elmhurst, Illinois.

2.      Defendant, Levolor Home Fashions, Inc. ("Levolor"), is and at all times relevant to this action was, a North Carolina corporation doing business in Illinois.

3.      Defendant, Habitat Stores, Inc. ("Habitat"), is and at all times relevant to this action was, a Delaware corporation doing business in Illinois.

Jurisdiction and Venue

4.      This Court has jurisdiction over the persons involved in and over the subject matter of this dispute by reason of 28 U.S.C. §1332.

5.      This Court is the appropriate venue within which to adjudicate this dispute because the occurrence at issue occurred in this District.

2

<u>Common Allegations</u>

6.     On August 6, 1995, Mark and Jill Wachholz purchased four sets of horizontal, golden oak wood blinds from Habitat.  The blinds were manufactured by defendant Levolor.

7.     On or about August 15, 1995, defendant Habitat installed one of the sets of blinds on a large window in the Wachholz' family room at their house located at 201 East Prairie Street, Lombard, Illinois ("Blind").

8.     The pull cords on the Blind consisted of four cords that were tied together at the end by a large round wooden bead forming a continuous loop.

9.     On January 30, 2000, Alex, who was four years old, was playing and watching television with his six year old sister, Megan, in the Wachholz' family room. During this time, Alex's neck became entangled inside the loop of the pull cord of the Blind and he strangled to death.

## COUNT I

### WRONGFUL DEATH CLAIM
### WACHHOLZ v. LEVOLOR
### (STRICT LIABILITY)

Plaintiff, Mark Wachholz, Administrator of the Estate of Alex Wachholz, states by way of Complaint against defendant Levolor as follows:

1-9.   Plaintiff, Mark Wachholz, incorporates by reference paragraphs 1 through 9 above as paragraphs 1 through 9 of this Count I.

10.   Defendant Levolor manufactured the Blind and place it in the stream of commerce by distributing the Blind to Habitat to be sold to the general public.

11.   At the time that the Blind was manufactured and left the possession of defendant Levolor, it was unsafe and unreasonably dangerous in one or more of the following respects:

a.   the design of the pull cord consisted of four cords that were tied together by a wooden bead forming a continuous loop which allowed for children to become entangled and strangled to death;

b.   alternative designs for the pull cord of horizontal blinds were available at the time the Blind was manufactured which would have eliminated the looped cord and the risk of strangulation such as individual tassel cords, cord release devices, cord stops, cord retraction devices, cord shrouds, and cord shears;

c.   the Blind was designed, manufactured, and distributed contrary to industry standards in that it contained a pull cord that formed a continuous loop which allowed for strangulation;

4

d.      the Blind failed to contain adequate warnings of the risk of strangulation as a result of the pull cord; and

e.      the Blind failed to include safety devices to eliminate exposure to the continuous looped pull cord and the resultant risk of strangulation.

12.     As a direct and proximate result of the unsafe and unreasonably dangerous conditions of the Blind, Alex became entangled inside the loop of the pull cord of the Blind and he strangled to death.

13.     Alex is survived by his parents, Mark Wachholz and Jill Wachholz, his sister Megan and his half-sister Marleigha.

14.     As a direct and proximate result of the death of Alex:

a.      Mark Wachholz has sustained substantial pecuniary injury, including, but not limited to, the loss of society, love, affection, attention, and companionship of his son, Alex;

b.      Jill Wachholz has sustained substantial pecuniary injury, including, but not limited to, the loss of society, love, affection, attention, and companionship of her son, Alex;

c.      Megan Wachholz has sustained substantial pecuniary injury, including, but not limited to, the loss of society, love, affection, attention, and companionship of her brother, Alex; and

d.      Marleigha Lossin has sustained substantial pecuniary injury, including, but not limited to, the loss of society, love, affection, attention, and companionship of her half-brother, Alex.

15.    Plaintiff, Mark Wachholz brings this action pursuant to the Illinois Wrongful Death Act 740 ILCS 180/1 and 180/2, for the benefit of the next of kin of Alex, namely, Mark Wachholz, Jill Wachholz, Megan Wachholz and Marleigha Lossin.

WHEREFORE, Plaintiff Mark Wachholz, as Administrator of the Estate of Alex Wachholz, respectfully requests this Court to enter judgment in his favor and against defendant Levolor, and to order the distribution of the judgment so that each of the next of kin receives an amount greater than $75,000 plus the costs of this action.

## COUNT II

### WRONGFUL DEATH CLAIM
### WACHHOLZ v. HABITAT
### (STRICT LIABILITY)

Plaintiff, Mark Wachholz, Administrator of the Estate of Alex Wachholz, states by way of Complaint against defendant Habitat as follows:

1-15. Plaintiff, Mark Wachholz, incorporates by reference paragraphs 1 through 15 of Count I as paragraphs 1 through 15 of this Count II.

16. Defendant Habitat placed the Blind in the stream of commerce by selling it to the Wachholzes and installing it in their home. Accordingly, defendant Habitat is liable under the theory of strict liability.

WHEREFORE, Plaintiff Mark Wachholz, as Administrator of the Estate of Alex Wachholz, respectfully requests this Court to enter judgment in his favor and against defendant Habitat, and to order the distribution of the judgment so that each of the next of kin receives an amount greater than $75,000 plus the costs of this action.

## COUNT III

### WRONGFUL DEATH CLAIM
### WACHHOLZ v. LEVOLOR
### (NEGLIGENCE)

Plaintiff, Mark Wachholz, as Administrator of the Estate of Alex Wachholz, states by way of Complaint against defendant, Levolor, as follows:

1-10.  Plaintiff, Mark Wachholz, incorporates by reference paragraphs 1 through 10 of Count I as paragraphs 1 through 10 of this Count III.

11.  At all times relevant to this action, Levolor had a duty to design, test produce, manufacture and supply the Blind so that it was safe and not unreasonably dangerous.

12.  At all times relevant to this action, Levolor had a duty to adequately warn foreseeable users of the Blind of the risk of strangulation due to the design of the pull cord.

13.  In breach and violation of the aforementioned duties which defendant Levolor owed to Alex, defendant Levolor did or failed to do the following:

a.  carelessly and negligently manufactured the Blind with a pull cord that had four cords tied together by a wooden bead forming a continuous loop which allowed for children to become entangled and strangled to death;

b.  carelessly and negligently failed to use alternative designs for the pull cord that were available at the time that the Blind was manufactured which would have eliminated the looped cord and the risk of strangulation;

    c.      carelessly and negligently failed to abide by industry standards in the design and manufacture of the Blind;

    d.      carelessly and negligently designed, manufactured and distributed the Blind to retailers when it knew or should have known there were available alternative designs for pull cords of horizontal blinds which would have eliminated the risk of strangulation by the pull cord.

    e.      carelessly and negligently failed to provide adequate warnings of the risk of strangulation due to the pull cord; and

    f.      carelessly and negligently failed to include safety devices with the Blind to eliminate exposure to continuous looped cords and the risk of strangulation.

14.    As a direct and proximate result of the aforementioned negligence of defendant Levolor, Alex's neck became entangled inside the loop of the pull cord of the Blind and he strangled to death.

15.    Alex is survived by his parents, Mark Wachholz and Jill Wachholz, his sister Megan Wachholz and his half-sister Marleigha Lossin.

16.    As a direct and proximate result of the death of Alex:

    a.      Mark Wachholz has sustained substantial pecuniary injury, including, but not limited to, the loss of society, love, affection, attention and companionship of his son, Alex;

     b.     Jill Wachholz has sustained substantial pecuniary injury, including, but not limited to, the loss of society, love, affection, attention and companionship of her son, Alex;

     c.     Megan Wachholz has sustained substantial pecuniary injury, including, but not limited to, the loss of society, love, affection, attention and companionship of her brother, Alex; and

     d.     Marleigha Lossin has sustained substantial pecuniary injury, including, but not limited to, the loss of society, love, affection, attention and companionship of her half-brother, Alex.

17.     Mark Wachholz brings this action pursuant to the Illinois Wrongful Death Act 740 ILCS 180/1 and 180/2, for the benefit of the next of kin of Alex, namely, Mark Wachholz, Jill Wachholz, Megan Wachholz and Marleigha Lossin.

WHEREFORE, Plaintiff Mark Wachholz, as Administrator of the Estate of Alex Wachholz, respectfully requests this Court to enter judgment in his favor and against the defendant Levolor, and to order the distribution of the judgment so that each of the next of kin receives an amount greater than $75,000 plus the costs of this action.

COUNT IV

WRONGFUL DEATH CLAIM
WACHHOLZ v. HABITAT
(NEGLIGENCE)

Plaintiff, Mark Wachholz, as Administrator of the Estate of Alex Wachholz, states by way of Complaint against defendant Habitat as follows:

1-10.  Plaintiff, Mark Wachholz, incorporates by reference paragraphs 1 through 10 of Count III as paragraphs 1 through 10 of this Count IV.

11.    At all times relevant to this action, defendant Habitat had a duty to supply, market, sell and install the Blind so that it was safe and not unreasonably dangerous.

12.    At all times relevant to this action, defendant Habitat had a duty to warn foreseeable purchasers and users of the Blind of the risk of strangulation by the pull cord of the Blind.

13.    In breach and violation of the aforementioned duties which Habitat owed to Alex, Habitat did or failed to do the following:

   a.    carelessly and negligently sold the Blind to the Wachholzes that was designed contrary to industry standards in that the pull cord formed a continuous loop which created a risk of strangulation;

   b.    carelessly and negligently installed the Blind that which was contrary to industry standards in that the Blind contained a looped pull cord which created a risk of strangulation;

c.      carelessly and negligently failed to provide the Wachholzes with adequate warning as to the risk of strangulation as a result of the looped pull cord on the Blind; and

d.      carelessly and negligently failed to include safety devices with the Blind which could have eliminated exposure to the looped pull cord and the resultant risk of strangulation;

e.      carelessly and negligently sold and installed the Blind to the Wachholzes with a looped cord when it knew or should have known that there were alternative blinds which eliminated the risk of strangulation by looped pull cords.

14.     As a direct and proximate result of the aforementioned negligence of defendant Habitat, Alex's neck became entangled inside the loop of the pull cord of the Blind and he strangled to death.

15.     Alex is survived by his parents, Mark Wachholz and Jill Wachholz, his sister Megan and his half-sister Marleigha Lossin.

16.     As a direct and proximate result of the death of Alex:

a.      Mark Wachholz has sustained substantial pecuniary injury, including, but not limited to, the loss of society, love, affection, attention and companionship of his son, Alex;

b.      Jill Wachholz has sustained substantial pecuniary injury, including, but not limited to, the loss of society, love, affection, attention and companionship of her son, Alex;

c.      Megan Wachholz has sustained substantial pecuniary injury, including, but not limited to, the loss of society, love, affection, attention and companionship of her brother, Alex; and

d.      Marleigha Lossin has sustained substantial pecuniary injury, including, but not limited to, the loss of society, love, affection, attention and companionship of her half-brother, Alex.

17.     Plaintiff, Mark Wachholz brings this action pursuant to the Illinois Wrongful Death Act 740 ILCS 180/1 and 180/2, for the benefit of the next of kin of Alex, namely, Mark Wachholz, Jill Wachholz, Megan Wachholz and Marleigha Lossin.

WHEREFORE, Plaintiff Mark Wachholz, as Administrator of the Estate of Alex Wachholz, respectfully requests this Court to enter judgment in his favor and against defendant Habitat, and to order the distribution of the judgment so that each of the next of kin receives an amount greater than $75,000 plus the costs of this action.

## COUNT V

### SURVIVAL ACTION
### WACHHOLZ v. LEVOLOR
### (STRICT LIABILITY)

Plaintiff, Mark Wachholz, as Administrator of the Estate of Alex Wachholz, states by way of Complaint against defendant Levolor as follows:

1-12.   Plaintiff, Mark Wachholz, incorporates by reference paragraphs 1 through 12 of Count I as paragraphs 1 through 12 of this Count V.

13.     As a direct and proximate result of the unsafe and unreasonably dangerous condition of the blind, plaintiff is informed and believes that Alex endured conscious pain and suffering prior to his death by strangulation.

14.     Plaintiff brings this action pursuant to the Illinois Survival Act 755 ILCS 5/27-6.

WHEREFORE, Plaintiff Mark Wachholz, as Administrator of the Estate of Alex Wachholz, respectfully requests this Court to enter judgment in his favor and against the defendant, Levolor, in an amount greater than $75,000 plus the costs incurred in this action.

## COUNT VI

### SURVIVAL ACTION
### WACHHOLZ v. HABITAT
### (STRICT LIABILITY)

Plaintiff, Mark Wachholz, as Administrator of the Estate of Alex Wachholz, states by way of Complaint against defendant Habitat as follows:

1-12.  Plaintiff, Mark Wachholz, incorporates by reference paragraphs 1 through 12 of Count I as paragraphs 1 through 12 of this Count VI.

13.    Defendant Habitat placed the Blind in the stream of commerce by selling it to the Wachholzes and installing it in their home.  Accordingly, defendant Habitat is liable under the theory of strict liability.

14.    As a direct and proximate result of the unsafe and unreasonably dangerous condition of the blind, plaintiff is informed and believes that Alex endured conscious pain and suffering prior to his death by strangulation.

15.    Plaintiff brings this action pursuant to the Illinois Survival Act 755 ILCS 5/27-6.

WHEREFORE, Plaintiff Mark Wachholz, as Administrator of the Estate of Alex Wachholz, respectfully requests this Court to enter judgment in his favor and against the defendant Habitat in an amount greater than $75,000 plus the costs incurred in this action.

COUNT VII

SURVIVAL ACTION
WACHHOLZ v. LEVOLOR
(NEGLIGENCE)

Plaintiff, Mark Wachholz, as Administrator of the Estate of Alex Wachholz, states by way of Complaint against defendant Levolor as follows:

1-14.  Plaintiff, Mark Wachholz, incorporates by reference paragraphs 1 through 14 of Count III as paragraphs 1 through 14 of this Count VII.

15.    As a direct and proximate result of defendant Levolor's aforementioned negligent conduct, plaintiff is informed and believes that Alex endured conscious pain and suffering prior to his death by strangulation.

16.    Plaintiff brings this action pursuant to the Illinois Survival Act 755 ILCS 5/27-6.

WHEREFORE, Plaintiff Mark Wachholz, as Administrator of the Estate of Alex Wachholz, respectfully requests this Court to enter judgment in his favor and against defendant Levolor in an amount greater than $75,000 plus the costs incurred in this action.

16

## COUNT VIII

### SURVIVAL ACTION
### WACHHOLZ v. HABITAT
### (NEGLIGENCE)

Plaintiff, Mark Wachholz, as Administrator of the Estate of Alex Wachholz, states by way of Complaint against defendant Habitat as follows:

1-14. Plaintiff, Mark Wachholz, incorporates by reference paragraphs 1 through 14 of Count IV as paragraphs 1 through 14 of this Count VIII.

15. As a direct and proximate result of defendant Habitat's negligent conduct, plaintiff is informed and believes that Alex endured conscious pain and suffering prior to his death by strangulation.

16. Plaintiff brings this action pursuant to the Illinois Survival Act 755 ILCS 5/27-6.

WHEREFORE, Plaintiff Mark Wachholz, as Administrator of the Estate of Alex Wachholz, respectfully requests this Court to enter judgment in his favor and against the defendant Habitat in an amount greater than $75,000 plus the costs incurred in this action.

## COUNT IX

FAMILY EXPENSE ACT
<u>WACHHOLZ v. LEVOLOR</u>
(NEGLIGENCE)

Plaintiff, Mark Wachholz, states by way of Complaint against the defendant, Levolor, as follows:

1-14.  Plaintiff, Mark Wachholz, incorporates by reference paragraphs 1 through 14 of Count III as paragraphs 1 through 14 of this Count IX.

15.     As a direct and proximate result of the defendant Levolor's aforementioned negligent conduct and pursuant to the Family Expense Act 750 ILCS 65/15, plaintiff Mark Wachholz has incurred and became obligated to pay for substantial medical expenses for the medical treatment of Alex and funeral expenses for the burial of Alex.

WHEREFORE, Plaintiff Mark Wachholz, respectfully requests this Court to enter judgment in his favor and against defendant Levolor, in an amount greater than $75,000 for the medical and funeral expenses of Alex.

## COUNT X

## FAMILY EXPENSE ACT
## WACHHOLZ v. HABITAT
## (NEGLIGENCE)

Plaintiff, Mark Wachholz, states by way of Complaint against the defendant Habitat, as follows:

1-14.   Plaintiff, Mark Wachholz, incorporates by reference paragraphs 1 through 14 of Count IV as paragraphs 1 through 14 of this Count X.

15.     As a direct and proximate result of defendant Habitat's aforementioned negligent conduct and pursuant to the Family Expense Act 750 ILCS 65/15, plaintiff Mark Wachholz has incurred and became obligated to pay for substantial medical expenses for the medical treatment of Alex and funeral expenses for the burial of Alex.

WHEREFORE, Plaintiff Mark Wachholz respectfully requests this Court to enter judgment in his favor and against the defendant Habitat, in an amount greater than $75,000 for the medical and funeral expenses of Alex Wachholz.

## COUNT XI

### NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS
### MEGAN WACHHOLZ v. LEVOLOR
### (NEGLIGENCE)

Plaintiff, Mark Wachholz, as father and next friend of Megan Wachholz, a minor, states by way of Complaint against defendant, Levolor, as follows:

1-14.  Plaintiff, Mark Wachholz, incorporates by reference paragraphs 1 through 14 of Count III as paragraphs 1 through 14 of this Count XI.

15.  While playing with Alex, Megan Wachholz witnessed her brother strangle to death by the pull cord of the Blind.

16.  Plaintiff, Megan Wachholz, as a direct and proximate result of the defendant Levolor's aforementioned negligence, has suffered severe emotional distress, including mental anguish, and will continue to suffer emotional distress in the future.

WHEREFORE, Plaintiff Mark Wachholz, as father and next friend of Megan Wachholz, a minor, respectfully requests this Court to enter judgment in his favor and against defendant, Levolor, in an amount greater than $75,000 plus the costs incurred in the prosecution of this action.

COUNT XII

NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS
<u>MEGAN WACHHOLZ v. HABITAT</u>
(NEGLIGENCE)

Plaintiff, Mark Wachholz, as father and next friend of Megan Wachholz, a minor,

states by way of Complaint against defendant Habitat as follows:

1-14.   Plaintiff, Mark Wachholz, incorporates by reference paragraphs 1 through

14 of Count IV as paragraphs 1 through 14 of this Count XII.

15.     While playing with Alex, Megan Wachholz witnessed her brother strangle

to death by the pull cord of the Blind.

16.     Plaintiff, Megan Wachholz, as a direct and proximate result of the

defendant's aforementioned negligence, has suffered severe emotional distress, including

mental anguish, and will continue to suffer emotional distress in the future.

WHEREFORE, Plaintiff Mark Wachholz, as father and next friend of Megan

Wachholz, a minor, respectfully requests this Court to enter judgment in his favor and

against defendant Habitat, in an amount greater than $75,000 plus the costs incurred in

the prosecution of this action.

Respectfully submitted,

MARK WACHHOLZ, as Administrator
of the Estate of Alex Wachholz,

By: _____
One Of His Attorneys

JAMES E. DAHL, 0568724
PAUL BONADIES, 6206589
JAMES E. DAHL & ASSOCIATES
225 West Washington Street, #1125
Chicago, Illinois 60606
312/641-3245

21

**DOCKETED**

FEB 01 2001

JS 44
(Rev. 12/96)

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
Mark Wachholz, as Administrator of the Estate of Alex Wachholz, et al.

## DEFENDANTS
Levolor Home Fashions, Inc., and Habitat Stores, Inc.

MAGISTRATE JUDGE GERALDINE SOAT BROWN

**(b)** COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF DuPage
(EXCEPT IN U.S. PLAINTIFF CASES)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**01C 0698**

**(c)** ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)
James E. Dahl & Associates
225 W. Washington St., #1125
Chicago, IL 60606
312/641-3245

ATTORNEYS (IF KNOWN)

**FILED**

**JUDGE GETTLEMAN**

## II. BASIS OF JURISDICTION (PLACE AN "X" IN ONE BOX ONLY)

JAN 31

☐ 1 U.S. Government Plaintiff

☐ 3 Federal Question (U.S. Government Not a Party)

☐ 2 U.S. Government Defendant

☒ 4 Diversity (Indicate Citizenship of Parties in Item III)

MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

## III. CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN "X" IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT) (For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☒ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. ORIGIN (PLACE AN "X" IN ONE BOX ONLY)

☒ 1 Original Proceeding
☐ 2 Removed from State Court
☐ 3 Remanded from Appellate Court
☐ 4 Reinstated or Reopened
☐ 5 Transferred from another district (specify)
☐ 6 Multidistrict Litigation
☐ 7 Appeal to District Judge from Magistrate Judgment

## V. NATURE OF SUIT (PLACE AN "X" IN ONE BOX ONLY)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury — Med Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☒ 365 Personal Injury — Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce/ICC Rates/etc |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | **PERSONAL PROPERTY** | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 371 Truth in Lending | ☐ 690 Other | **SOCIAL SECURITY** | ☐ 850 Securities/Commodities/Exchange |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 380 Other Personal Property Damage | **LABOR** | ☐ 861 HIA (1395ff) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 862 Black Lung (923) | ☐ 891 Agricultural Acts |
| ☐ 195 Contract Product Liability | | | ☐ 720 Labor/Mgmt. Relations | ☐ 863 DIWC/DIWW (405(g)) | ☐ 892 Economic Stabilization Act |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | | ☐ 864 SSID Title XVI | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motion to Vacate Sentence | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act | ☐ 865 RSI (405(g)) | ☐ 894 Energy Allocation Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | **Habeas Corpus:** | ☐ 740 Railway Labor Act | **FEDERAL TAX SUITS** | ☐ 895 Freedom of Information Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/Accommodations | ☐ 530 General | ☐ 790 Other Labor Litigation | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | | ☐ 871 IRS — Third Party 26 USC 7609 | ☐ 950 Constitutionality of State Statutes |
| ☐ 245 Tort Product Liability | ☐ 440 Other Civil Rights | ☐ 540 Mandamus & Other | ☐ 791 Empl. Ret. Inc. Security Act | | ☐ 890 Other Statutory Actions |
| ☐ 290 All Other Real Property | | ☐ 550 Civil Rights | | | |
| | | ☐ 555 Prison Condition | | | |

## VI. CAUSE OF ACTION
(CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE BRIEF STATEMENT OF CAUSE. DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY.)

This is a personal injury action based on product liability and brought pursuant to 28 U.S.C. Section 1332.

## VII. REQUESTED IN COMPLAINT
CHECK IF THIS IS A **CLASS ACTION**
☐ UNDER F.R.C.P. 23

**DEMAND $** greater than $75,000

CHECK YES only if demanded in complaint:
**JURY DEMAND:** ☒ YES ☐ NO

## VIII. This case
☒ is not a refiling of a previously dismissed action.
☐ is a refiling of case number _____, previously dismissed by Judge _____

DATE
1/31/01

SIGNATURE OF ATTORNEY OF RECORD
_Paul Bredeson_

UNITED STATES DISTRICT COURT

**DOCKETED**
FEB 0 1 2001

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS

In the Matter of

Mark Wachholz, as Administrator of the
Estate of Alex Wachholz, et al.,    Plaintiffs,
        v.
Levolor Home Fashions, Inc., and
Habitat Stores, Inc.,                Defendants.

**01C  0698**

Case Number:  JUDGE GETTLEMAN
JUDGE GETTLEMAN

MAGISTRATE JUDGE
GERALDINE SOAT BROWN

## APPEARANCES ARE HEREBY FILED BY THE UNDERSIGNED AS ATTORNEY(S) FOR:

*Mark Wachholz*

| (A) | |
|---|---|
| SIGNATURE | |
| NAME | JAMES E. DAHL |
| FIRM | JAMES E. DAHL & ASSOCIATES |
| STREET ADDRESS | 225 W. Washington St., Suite 1125 |
| CITY/STATE/ZIP | Chicago, IL 60606 |
| TELEPHONE NUMBER | 312/641-3245 |
| IDENTIFICATION NUMBER (SEE ITEM 4 ON REVERSE) | 0568724 |
| MEMBER OF TRIAL BAR? | YES [X]  NO [ ] |
| TRIAL ATTORNEY? | YES [X]  NO [ ] |

| (B) | |
|---|---|
| SIGNATURE | Paul Bonadies |
| NAME | PAUL N. BONADIES |
| FIRM | JAMES E. DAHL & ASSOCIATES |
| STREET ADDRESS | 225 W. Washington St., Suite 1125 |
| CITY/STATE/ZIP | Chicago, IL 60606 |
| TELEPHONE NUMBER | 312/641-3245 |
| IDENTIFICATION NUMBER (SEE ITEM 4 ON REVERSE) | 6206598 |
| MEMBER OF TRIAL BAR? | YES [ ]  NO [X] |
| TRIAL ATTORNEY? | YES [ ]  NO [X] |
| DESIGNATED AS LOCAL COUNSEL? | YES [ ]  NO [ ] |

| (C) | |
|---|---|
| SIGNATURE | |
| NAME | |
| FIRM | |
| STREET ADDRESS | |
| CITY/STATE/ZIP | |
| TELEPHONE NUMBER | |
| IDENTIFICATION NUMBER (SEE ITEM 4 ON REVERSE) | |
| MEMBER OF TRIAL BAR? | YES [ ]  NO [ ] |
| TRIAL ATTORNEY? | YES [ ]  NO [ ] |
| DESIGNATED AS LOCAL COUNSEL? | YES [ ]  NO [ ] |

| (D) | |
|---|---|
| SIGNATURE | **FILED** |
| NAME | |
| FIRM | JAN 31 2001 |
| STREET ADDRESS | MICHAEL W. DOBBINS |
| CITY/STATE/ZIP | CLERK, U.S. DISTRICT COURT |
| TELEPHONE NUMBER | |
| IDENTIFICATION NUMBER (SEE ITEM 4 ON REVERSE) | |
| MEMBER OF TRIAL BAR? | YES [ ]  NO [ ] |
| TRIAL ATTORNEY? | YES [ ]  NO [ ] |
| DESIGNATED AS LOCAL COUNSEL? | YES [ ]  NO [ ] |