Minute Order Form (rev. 12/90)

# UNITED STATES DISTRICT COURT, NORTHERN DISTRICT OF ILLINOIS

| Name of Assigned Judge or Magistrate Judge | ROBERT W. GETTLEMAN | Sitting Judge if Other Than Assigned Judge | |
|---|---|---|---|
| Case Number | 01 C 698 | Date | July 10, 2001 |
| Case Title | Mark Wachholz etc. v Levolor Home Fashions, Inc. | | |

[In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd-party plaintiff, and (b) state briefly the nature of the motion being presented.]

**MOTION:**

**DOCKET ENTRY:**

(1) Filed motion of [use listing in "MOTION" box above]
(2) Brief in support of motion due
(3) Answer brief to motion due _____ Reply to answer brief due
(4) Ruling/Hearing on _____ set for _____ at
(5) ✓ Status hearing [ ]held [ ]continued to [ ]set for [✓]re-set for 8/16/01 at 9:00
(6) Pretrial conf. [ ]held [ ]continued to [ ]set for [ ]re-set for _____ at
(7) Trial [ ]Set for [ ]re-set for _____ at
(8) [ ]Bench Trial [ ]Jury Trial [ ]Hearing held and continued to _____ at
(9) This case is dismissed [ ]without [ ]with prejudice and without costs [ ]by agreement [ ]pursuant to
   [ ]FRCP 4(j) (failure to serve) [ ]General Rule 21 (want of prosecution) [ ]FRCP 41(a)(1) [ ]FRCP 41(a)(2)

(10) ✓ [Other docket entry] Memorandum opinion and order entered. Accordingly, defendant's motion to dismiss for failure to state a claim is granted. Plaintiffs are given leave to file an amended complaint on or before 7/31/01. Defendants' response is due by 8/14/01.

(11) ✓ [For further detail see [ ]order on the reverse of [✓]order attached to the original minute order form.]

| | | | number of notices | |
|---|---|---|---|---|
| | No notices required, advised in open court. | | | |
| | No notices required. | | | Document # |
| ✓ | Notices mailed by judge's staff. | FILED FOR DOCKET JUL 1 3 2001 | date docketed | |
| | Notified counsel by telephone. | | | 20 |
| | Docketing to mail notices. | 01 JUL 12 AM 11:25 CM | docketing dpty. initials | |
| | Mail AO 450 form. | | date mailed notice | |
| | Copy to judge/magistrate Judge. | | | |
| EJ | courtroom deputy's Initials | Date/time received in central Clerk's Office | mailing dpty. initials | |

DOCKETED
JUL 1 3 2001

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

MARK WACHHOLZ, as Administrator of the ) 
Estate of Alex Wachholz, on behalf of his wife, )
JILL WACHHOLZ and his children, MEGAN )
WACHHOLZ and MARLEIGHA LOSSIN, )
minors, and as father and next friend of MEGAN )
WACHHOLZ, )
)
            Plaintiffs, )  No.  01 C 0698
)
v. )
)  Judge Robert W. Gettleman
LEVOLOR HOME FASHIONS, INC., A North )
Carolina Corporation; and HABITAT )
WALLPAPER AND BLINDS, Inc., a Michigan )
Corporation, )
)
            Defendants. )

## MEMORANDUM OPINION AND ORDER

Plaintiffs, Mark Wachholz, as Administrator of the Estate of Alex Wachholz ("Alex") and on behalf of his wife, Jill Wachholz, and his children, Megan Wachholz ("Megan") and Marleigha Lossin, have filed a twelve count amended complaint against defendants Levolor Home Fashions, Inc. ("Levolor"), and Habitat Wallpaper and Blinds, Inc. ("Habitat"), arising from the tragic death of Alex. Plaintiffs allege *inter alia* negligent infliction of emotional distress against Levolor (Count XI) and Habitat (Count XII). Levolor has filed a motion to dismiss Count XI for failure to state a claim upon which relief can be granted pursuant to Federal Rule of Civil Procedure 12(b)(6). For the reasons that follow, Levolor's motion is granted.[1]

---

[1] Because Count XII against Habitat alleges the exact same claim, relying on exactly the same facts as Count XI against Levolor, the court applies the holding herein to both counts.

## FACTS

For purposes of a motion to dismiss, the court accepts the factual allegations of the counterclaim as true and draws all reasonable inferences in favor of Carolina. See Travel All Over the World, Inc. v. Kingdom of Saudi Arabia, 73 F.3d 1423, 1428 (7th Cir. 1996).

On August 6, 1995, plaintiffs Mark and Jill Wachholz purchased four sets of horizontal, golden oak wood blinds (manufactured by Levolor) from a Habitat store in Lombard, Illinois. The pull cords on the blinds consisted of four cords tied together at the end by a large round wooden bead forming a continuous loop.

On January 30, 2000, Alex, who was four years old, was playing and watching television in the Wachholz's living room with Megan, who was six years old at the time. At some point that day, and due to defendants' negligence, Alex's neck became entangled inside the loop of the pull cord of the blinds and he strangled to death while Megan watched. According to plaintiffs, as a direct and proximate result of defendants' negligence, Meghan has suffered severe emotional distress, including mental anguish, and will continue to suffer emotional distress in the future.

## LEGAL STANDARD

In ruling on a motion to dismiss for failure to state a claim, the court considers "whether relief is possible under any set of facts that could be established consistent with the allegations." Bartholet v. Reishauer A.G., 953 F.2d 1073, 1078 (7th Cir. 1992). A claim may be dismissed only if it is beyond doubt that under no set of facts would the plaintiffs' allegations entitle them to relief. Conley v. Gibson, 355 U.S. 41, 45-46 (1957); Travel All Over the World, 73 F.3d at 1429-30. The purpose of a motion to dismiss is to test the sufficiency of the complaint, not to decide its merits. See Gibson v. City of Chicago, 910 F.2d 1510, 1520 (7th Cir. 1990).

2

## DISCUSSION

Levolor's argument in support of the instant motion is simple: plaintiffs have failed to state a claim for negligent infliction of emotional distress in Count XI because they have failed to allege the necessary elements needed to prove such a claim under Illinois law. In response, plaintiffs argue that the allegations in Count XI are sufficient to satisfy the notice pleading requirement in Federal Rule of Civil Procedure 8(a). Further, plaintiffs assert, the elements that Levelor deems necessary to state a claim for negligent infliction of emotional distress are "legal conclusions" which plaintiffs "are not required to allege." The court agrees with Levolor.

Federal Rule of Civil Procedure 8(a) requires plaintiffs to provide a "short and plain statement of its claims." This liberal notice requirement does not, however, relieve plaintiffs' responsibility to allege the basic facts demonstrating that plaintiffs are entitled to relief. Murphy v. White Hen Pantry Co., 691 F.2d 350, 353 (7th Cir. 1982). Indeed, plaintiffs' complaint "must include either direct or inferential allegations with respect to all material elements of the claims asserted." Industrial Hard Chrome, Ltd. v. Hetran, Inc., 90 F. Supp. 2d 952, 954 (N.D. Ill. 2000) (citing Perkins v. Silverstein, 939 F.2d 463, 466 (7th Cir. 1991)).

The material elements of a claim of negligent infliction of emotional distress vary depending on whether the individual on whose behalf the claim is brought was a bystander or a direct victim of defendants' alleged negligence. See Rickey v. Chicago Transit Authority, 457 N.E.2d 1, 5 (Ill. 1983). In the instant case, plaintiffs allege that Megan was in the family's living room with Alex when she "witnessed" her brother become entangled inside the loop of the pull cord of the blinds and strangle to death. Thus, Megan is classified as a bystander under Rickey.

3

Because Megan is a bystander, plaintiffs must allege that Megan was in the "zone of physical danger" when Alex was strangled, that she had a "reasonable fear for her own safety," and that she suffered "physical injury or illness as a result of [defendants'] negligence." Rickey, 457 N.E.2d at 5; Corgan v. Muehling, 574 N.E.2d 602, 606 (Ill. 1991); see also Fenner v. Favorite Brands Int'l, 1998 U.S. Dist. LEXIS 7224, *18-24, 1998 WL 249232, *7-9 (N.D. Ill. May 11, 1998); Gillman v. Burlington Northern R.R. Co., 878 F.2d 1020, 1024 (7th Cir. 1989) (affirming dismissal where plaintiff failed to allege the Rickey elements). As explained, plaintiffs have alleged only that Megan "witnessed" Alex's strangulation and that, as a direct and proximate result of defendants' negligence, Megan has suffered, and will continue to suffer, severe emotional distress, including mental anguish. These allegations are simply not enough under Illinois law. See In re Air Crash Disaster Near Chicago, 1983 U.S. Dist. LEXIS 13734, *5 (N.D. Ill. Sept. 15, 1983) (noting that the "Illinois Supreme Court refused to create a broad tort of negligent infliction of emotional distress that would allow recovery to anyone who suffered a 'direct emotional impact' when he witnessed an injury to a close relative" and applying the zone of physical danger test from Rickey) (citing Dillon v. Legg, 441 P.2d 912 (1968)). Plaintiffs fail to allege that Megan was in the zone of physical danger and that she reasonably feared for her own safety at the time Alex was injured. Moreover, the court cannot infer these material elements of plaintiffs' claim based on the allegations in the complaint. Therefore, Counts XI and XII are dismissed without prejudice for failure to state a claim.

## CONCLUSION

Levolor's motion to dismiss for failure to state a claim is granted. Count XII against Habitat is dismissed *sua sponte* on the grounds explained herein. Plaintiffs are given leave to file an amended complaint consistent with this opinion on or before July 31, 2001. Defendants shall respond thereto on or before August 14, 2001. The status hearing set for July 17, 2001, is continued to August 16, 2001, at 9:00a.m.

**ENTER:** **July 10, 2001**

Robert W. Gettleman
**United States District Judge**