UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

MARK WACHHOLZ, as Administrator )
of the Estate of Alex Wachholz, et al. )
                                        )
                      Plaintiffs, )
v.   ) NO. 01 C 0698
                                        )
LEVOLOR HOME FASHIONS, INC.; )  Judge Robert W. Gettleman
et al. )
                                        )  Magistrate Judge Geraldine Soat Brown
                   Defendants. )

## NOTICE OF FILING

TO: Joseph J. Krasovec III
Schiff, Hardin & Waite
Sears Tower, #6600
Chicago, IL 60606

PLEASE TAKE NOTICE that we have this 13th day of November, 2003, filed with the Clerk of the United States District Court, Illinois, the following:

1. Plaintiffs' Motion for Sanctions to Bar the Testimony of Ralph Barnett Pursuant to Federal Rule of Civil Procedure 37

2. Plaintiffs' Memorandum in Support of Their Motion for Sanctions to Bar the Testimony of Ralph Barnett Pursuant to Federal Rule of Civil Procedure 37

3. Plaintiffs' Motion *In Limine* to Bar the Testimony of Ralph Barnett Pursuant to Federal Rule of Evidence 702

4. Plaintiffs' Memorandum in Support of Their Motion *In Limine* to Bar the Opinions of Ralph Barnett Pursuant to Federal Rule of Evidence 702

5. Plaintiffs' Motion *In Limine* to Bar the Testimony of Christine Wood Pursuant to Federal Rule of Evidence 702

6. Plaintiffs' Memorandum in Support of Their Motion *In Limine* to Bar Testimony of Christine Wood Pursuant to Federal Rule of Evidence 702

7. Exhibits to Plaintiffs' Memorandums in Support of Their Motion for Sanctions and Motion *In Limine* to Bar Testimony of Ralph Barnett

PAUL N. BONADIES (6206589)
DAHL & BONADIES
225 West Washington Street, Suite 1640
Chicago, Illinois 60606
312/641-3245

*Paul Bonadies*
Attorneys for Plaintiffs

/06

## AFFIDAVIT OF SERVICE BY MESSENGER DELIVERY

The undersigned, being first duly sworn on oath, states that she served the foregoing documents on the above-named attorneys of record by causing true and correct copies thereof to be delivered by Comet Messenger Service on November 13, 2003.

*Shari Santelli*

SUBSCRIBED AND SWORN
to before me this 13 day of
November 2003

*Lisa M. Odeh*
NOTARY PUBLIC

OFFICIAL SEAL
**LISA M. ODEH**
NOTARY PUBLIC, STATE OF ILLINOIS
MY COMMISSION EXPIRES 4-10-2004

FILED

NOV 13 2003

Judge Robert W. Gettleman
United States District Court

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| MARK WACHHOLZ, as Administrator of the Estate of Alex Wachholz, on his behalf and on behalf of his wife, JILL WACHHOLZ and his children, MEGAN WACHHOLZ and MARLEIGHA LOSSIN, minors, and as father and next friend of MEGAN WACHHOLZ,<br>　　　　　　　　　Plaintiffs,<br>v.<br>LEVOLOR HOME FASHIONS, INC.; NEWELL WINDOW FURNISHINGS, INC. LEVOLOR HOME FASHIONS, a division of Newell Window Furnishings, Inc.; and HABITAT WALLPAPER AND BLINDS, INC.,<br>　　　　　　　　　Defendants. | NO. 01 C 0698<br><br>Judge Robert W. Gettleman<br><br>Magistrate Judge Geraldine Soat Brown |

## NOTICE OF MOTION

TO: Joseph J. Krasovec III,
Schiff, Hardin & Waite
Sears Tower, #6600
Chicago, IL 60606

On **November 18, 2003**, at **9:00 a.m.**, or as soon thereafter as counsel may be heard, I shall appear before **Judge Robert W. Gettleman** or any judge sitting in him stead in the courtroom usually occupied by him in **Room 1703** of the United States District Court, 219 South Dearborn Street, Chicago, Illinois and present:

1. Plaintiffs' Motion for Sanctions to Bar the Testimony of Ralph Barnett Pursuant to Federal Rule of Civil Procedure 37

2. Plaintiffs' Motion *In Limine* to Bar the Testimony of Ralph Barnett Pursuant to Federal Rule of Evidence 702

3. Plaintiffs' Motion *In Limine* to Bar the Testimony of Christine Wood Pursuant to Federal Rule of Evidence 702

PAUL N. BONADIES (6206589)
DAHL & BONADIES
225 West Washington Street, Suite 1640
Chicago, Illinois 60606
312/641-3245

_/s/ Paul Bonadies_
Attorneys for Plaintiffs

/06

## AFFIDAVIT OF SERVICE BY MESSENGER DELIVERY

The undersigned, being first duly sworn on oath, states that she served the foregoing motion on the above-named attorneys of record by causing a true and correct copy thereof to be delivered by Comet Messenger Service on November 13, 2003.

*Shari Santell* (signature)

[x]  Under penalties as provided by law pursuant to
     735 ILCS 5/1-109, I certify that the statements
     set forth herein are true and correct.

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

MARK WACHHOLZ, as Administrator )
of the Estate of Alex Wachholz, )
on his behalf and on behalf of his wife, )
JILL WACHHOLZ and his children, )
MEGAN WACHHOLZ and )
MARLEIGHA LOSSIN, minors, )
and as father and next friend of )
MEGAN WACHHOLZ, )
                      Plaintiffs, )
v. )
)
LEVOLOR HOME FASHIONS, INC.; )
NEWELL WINDOW FURNISHINGS, INC. )
LEVOLOR HOME FASHIONS, a division of )
Newell Window Furnishings, Inc.; and )
HABITAT WALLPAPER AND )
BLINDS, INC., )
                      Defendants. )

**FILED**

NOV 13 2003

Judge Robert W. Gettleman
United States District Court

NO. 01 C 0698

Judge Robert W. Gettleman

Magistrate Judge Geraldine Soat Brown

## PLAINTIFFS' MOTION FOR SANCTIONS TO BAR
## THE TESTIMONY OF RALPH BARNETT
## PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 37

Plaintiffs, Mark Wachholz, as Administrator of the Estate of Alex Wachholz, on his behalf and on behalf of his wife, Jill Wachholz and his children, Megan Wachholz and Marleigha Lossin, minors, and as father and next friend of Megan Wachholz by and through their attorneys, James E. Dahl and Paul N. Bonadies, respectfully request this Court to enter an order barring the testimony of Ralph Barnett pursuant to Fed.R.Civ.P. 37. In support of this motion, plaintiffs state as follows:

1.     This Court ordered that defendants disclose their experts on or before August 15, 2003. Plaintiffs agreed to extend that time until August 29, 2003.

/06

2. On August 28, 2003, Ralph Barnett issued his Fed.R.Civ.P. 26(a) Report. On October 31, 2003, Mr. Barnett was deposed by the plaintiffs.

3. At his deposition, it was discovered that defendants violated Fed.R.Civ.P. 26(a). Barnett testified that following the submission of his Report, he formulated new opinions, conducted new tests and compiled additional documents which were not part of his Report.

4. Fed. R. Civ. P. 37 provides that:

> A party that without substantial justification fails to disclose information required by Rule 26(a) or 26(e)(1), or to amend a prior response to discovery as required by Rule 26(e)(2), is not, unless such failure is harmless, permitted to use as evidence at a trial, at a hearing, or on a motion any witness or information not so disclosed. . . .

5. Counsel for the plaintiffs and counsel for the defendants have discussed the issues raised in this motion but have yet to reach a resolution.

6. In support of this motion, the plaintiffs have filed a Memorandum in Support of their Motion for Sanctions to Bar the Testimony of Ralph Barnett which sets forth in greater detail the basis for plaintiffs' motion.

WHEREFORE, plaintiffs respectfully request this Court to bar Mr. Ralph Barnett as an expert witness in this matter pursuant to Fed. R. Civ. P. 37 and to award fees and costs incurred in connection with the deposition of Ralph Barnett and this motion.

| | |
|---|---|
| JAMES E. DAHL (0568724)<br>PAUL BONADIES (6206589)<br>DAHL & BONADIES<br>225 West Washington Street, #1640<br>Chicago, Illinois 60606, 312/641-3245 | MARK WACHHOLZ, as Administrator<br>of the Estate of Alex Wachholz, et al.<br><br>By: _____<br>One of Their Attorneys |

2

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

|   |   |
|---|---|
| MARK WACHHOLZ, as Administrator of the Estate of Alex Wachholz, on his behalf and on behalf of his wife, JILL WACHHOLZ and his children, MEGAN WACHHOLZ and MARLEIGHA LOSSIN, minors, and as father and next friend of MEGAN WACHHOLZ, <br><br>　　　　　　　　　Plaintiffs, <br><br>v. <br><br>LEVOLOR HOME FASHIONS, INC.; NEWELL WINDOW FURNISHINGS, INC. LEVOLOR HOME FASHIONS, a division of Newell Window Furnishings, Inc.; and HABITAT WALLPAPER AND BLINDS, INC., <br><br>　　　　　　　　　Defendants. | **FILED** <br><br> NOV 1 3 2003 <br><br> Judge Robert W. Gettleman <br> United States District Court <br><br> NO. 01 C 0698 <br><br> Judge Robert W. Gettleman <br><br> Magistrate Judge Geraldine Soat Brown |

### PLAINTIFFS' MEMORANDUM IN SUPPORT OF THEIR MOTION FOR SANCTIONS TO BAR THE TESTIMONY OF RALPH BARNETT PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 37

Plaintiffs respectfully submit this Memorandum in Support of their Motion for Sanctions to Bar the Testimony of Ralph Barnett Pursuant to Federal Rule of Civil Procedure 37.[1]

### INTRODUCTION

This is a serious case about the death of a four year old boy who strangled on a blind cord. The defendants retained Ralph Barnett ("Barnett") as one of their experts (attached as Exhibit A is a copy of his Report). Barnett has been a professional expert witness for at least forty years and he specifically claims to know the federal court rules. Yet, Barnett's deposition reveals that he and the defendants have intentionally violated those rules by formulating new

---

[1] The Court should note that the plaintiffs have also filed a Motion *in Limine* to bar Ralph Barnett's testimony pursuant to Fed.R.Evid. 702.

1

opinions two months after the issuance of his Report, by conducting testing a week before his deposition, and by generating new documents the night before his deposition. Barnett's conduct should not be tolerated and he should be barred from testifying in this matter.

According to this Court's order, the defendants were to disclose experts on or before August 15, 2003. Plaintiffs agreed to extend the deadline to August 29, 2003. On August 28, 2003, the defendants identified Barnett, an engineer, as one of their experts (attached as Exhibit A is a copy of his Fed.R.Civ.P. 26 Report dated August 28, 2003).[2] After receiving his Report, plaintiffs scheduled Barnett's deposition for September 17, 2003. In light of the materials referenced in his Report, plaintiffs requested a copy of his file the day before his deposition. At the plaintiffs' request, Barnett's deposition was rescheduled and continued to October 31, 2003. On October 28, 2003, defendants provided plaintiffs with Barnett's file (attached as Exhibit B is a copy of his deposition transcript). On October 31, 2003, Barnett was deposed.

At his deposition, it was discovered that the defendants and Barnett have blatantly disregarded Rule Federal Rule of Civil Procedure 26(a). Fed.R.Civ.P. 26 requires the "disclosure of all opinions, the basis and reasons for the opinions, the data or other information considered by the witness, and any exhibits to be used in support of the opinions." Barnett testified that after he issued his Report:

- he conducted tests and created new reports regarding safety devices for blinds;
- he generated new opinions regarding the comparative safety of blinds;
- he generated new documents concerning the accident frequency rate of window blinds; and

---

[2] All Exhibits to this Memorandum have been separately bound.

- he compiled additional documents in support of his opinions that were not referenced in his Report, that were not produced as part of his file and that, in his opinion, would take all day for someone to review.

None of this information was part of his Report nor did the defendants ever make any attempt to supplement his Report prior to the deposition. If Barnett's deposition had not been rescheduled from September 17, 2003, none of these new opinions and documents would have been part of his testimony because Barnett did not begin formulating the new opinions and compiling the new documents until the last week of October. Barnett knew there were rules that prohibited this type of behavior but he chose not to follow the rules. Barnett testified as follows:

> Q. You never stop thinking about this case?
>
> A. That's correct, I never do.
>
> Q. And you never stop thinking or supplementing or supporting your opinions do you?
>
> A. That's correct and I'll be doing that right up to the time of trial even though most of the new things I will have will not get into the trial. But I will not stop thinking of it up until the trial, through the trial, and I may be publishing the results after the trial. As you know, I normally do.
>
> Q. Mr. Barnett, what do you mean even though they won't get in?
>
> A. Because it won't be timely. **You fellows have rules of when things can get in and when they don't. Those are not rules that apply to me. (emphasis added)**

(Barnett Dep., Exhibit B, pp. 117-118)

Fed.R.Civ.P. 37 requires that the sanction of exclusion is automatic and mandatory unless the sanctioned party can show that its violation of Rule 26(a) was either justified or harmless. David v. Caterpillar, Inc., 324 F.3d 851 (7th Cir. 2003); Salgato v. General Motors Corp., 150 F.3d 735 (7th Cir. 1998). The defendants cannot possibly establish that their violations of Rule

26 were either justified or harmless. The plaintiffs were placed in a position of having to depose Barnett without having notice of all of his opinions and the basis for those opinions.

This is not the first time that the plaintiffs have had to request this Court to sanction the defendants. In February of 2003, the plaintiffs filed a Motion for Sanctions after discovering that the defendants had not produced relevant documents and had not identified certain witnesses. In light of that Motion, this Court continued the discovery completion date from July 18, 2003 to September 20, 2003 in order to allow the plaintiffs to re-depose certain individuals based on the newly produced discovery. The defendants also agreed to pay the plaintiffs $8,000 to compensate the plaintiffs for the time and costs incurred in taking the additional discovery.

Now, after the September 20, 2003 discovery completion date, the plaintiffs have learned that an expert disclosed by the defendants on August 28, 2003, did not include all of his opinions and information in his Report. At no time, prior to the deposition, did the defendants request an extension of time to supplement their expert witness report. The plaintiffs should not be put in the position of, once again, having to re-open discovery because the defendants chose not to follow the rules. This conduct of the defendants is neither justified nor harmless.

In his deposition, Barnett states that: "We never mess around with a court mandate, especially a federal court mandate." (Barnett Dep. Exhibit B, p. 158). Clearly, Barnett did not mean what he said because his expert Report and deposition testimony reveal that he has "messed around" with the requirements of Fed.R.Civ.P. 26(a). Accordingly, based on the defendants' violations of Fed.R.Civ.P. 26(a), Barnett should be barred from testifying in this matter.

4

# ARGUMENT

## RALPH BARNETT SHOULD BE BARRED FROM TESTIFYING PURSUANT TO FEDERAL RULES OF CIVIL PROCEDURE 26 AND 37

Federal Rule of Civil Procedure 26(a)(2) provides the following:

### 2. Disclosure of Expert Testimony

A. In addition to the disclosures required by paragraph 1, a party shall disclose to other parties the identity of any person who may be used at trial to present evidence under Rule 702, 703 or 705 of the Federal Rules of Evidence.

B. Except as otherwise stipulated or directed by the court, this disclosure shall, with respect to a witness who is retained or specially employed to provide expert testimony in the case or whose duties as an employee of the party regularly involved giving expert testimony, be accompanied by a written report prepared and signed by the witness. The report shall contain a complete statement of all opinions to be expressed and the basis and reasons therefore; the data or other information considered by the witness in forming the opinions; any exhibits to be used as a summary of or support for the opinions; the qualifications of the witness including a list of all publications authored by the witness within the proceeding 10 years; . . .

If a party fails to follow the requirements under Fed.R.Civ.P. 26(a)(2), then Fed.R.Civ.P. 37 provides a sanction in the form of barring the witness from testifying in the matter. Fed.R.Civ.P. 37 states that:

### (c) Failure to Disclose; False or Misleading Disclosures; Refusal to Admit.

(1) A party that without substantial justification fails to disclose information required by Rule 26(a) or 26(e)(1) shall not, unless such failure is harmless, be permitted to use as evidence at a trial, at a hearing or on a motion, any witness or information not so disclosed. In addition to or in lieu of this sanction, the court, on motion and after affording an opportunity to be heard, may impose other appropriate sanctions. . . .

5

The Seventh Circuit in <u>Salgado v. General Motors Corporation</u>, 150 F.3d 735 (7th Cir. 1998) has set forth a significant discussion as to what is required under Rule 26. In footnote 6 to the opinion, the court states that:

> Rule 26(a) Expert Reports must be "detailed and complete." [citations omitted]. A complete report must include the substance of the testimony which an expert is expected to give on direct examination together with the reasons therefore. [citations omitted]. The report must be complete such that opposing counsel is not forced to depose an expert in order to avoid ambush at trial, and moreover, the report must be sufficiently complete so as to shorten or decrease the need for expert depositions and thus to conserve resources [citations omitted].
>
> Compliance with Rule 26 in particular with the requirement of total disclosure is emphasized in the Advisory Committee comments. The "incentive for total disclosure" is the threat that expert testimony not disclosed in accordance with the rule can be excluded pursuant to Rule 37(c)(1). The availability of this sanction "puts teeth into the rule" [citations omitted].

150 F.3d at 741-742.

The Seventh Circuit then explained, in detail, what should be included in an expert witness report. The expert's report should contain:

> 1. A complete and detailed statement of all opinions to be expressed at trial and the basis and reasons in support of those opinions. In simple language, this means that the report must contain all information relating to "how" and "why" the expert reached the conclusions and opinions contained within the report;
>
> 2. The data or other information considered by the witness in forming the opinions. This means "what" the expert saw, heard, considered, read, thought about or relied upon in reaching the conclusions and opinions contained within the report. This includes factual information given to the expert by the attorney in forming an opinion;
>
> 3. All exhibits to be used as a summary or support for the opinions. This category encompasses demonstrative evidence which summarizes or supports the expert's opinions;

150 F.3d at 742.

As outlined below, it is clear that the defendants have not complied with the requirements of Rule 26.

### A. Barnett's Report Fails To Contain All Of His Opinions, The Documents, Or Exhibits

#### 1. Barnett Should Be Barred From Offering Any Testimony Based On His October 24, 2003 Test Report And Videotapes.

One of the issues in this lawsuit is whether Levolor should have incorporated a safety device known as a "break away tassel" with its blinds. A "break away tassel" is a safety device which splits apart when downward pressure is applied thus eliminating the hazardous condition of a looped pull cord. In his Report, Barnett gives the opinion that the presence of a break away tassel would not have prevented Alex's death because an alleged knot above the tassel would have defeated the device and the device would not have worked due to the manner in which the cord was on Alex's neck. There is absolutely no support in his Report for these opinions.

Then, on October 24, 2003, two months after his Report and a week before his deposition, Barnett attempted to study the effectiveness of the break away tassel by conducting certain tests. He then formulated new opinions and documented those tests through photographs ("Test Report") and videotape. The Test Report and videotapes were provided to counsel on October 28, 2003 (attached as Exhibit C is a copy of the Test Report). When questioned about the timing of his tests, Barnett testified as follows:

> Q. Sir, looking at the two reports, can you tell me when it was after August 28, 2003 that you decided to perform the tests that describe the October 24, 2003 report?
>
> A. I think it was in the following month, in September.
>
> Q. Did you contact Mr. Krasovec before you performed the tests described in Exhibit 8?
>
> A. Eventually. Yes, I did.

7

Q. Did you contact Mr. Krasovec before you began performing the test described in Exhibit 8.

A. I'm not sure if it was before or if we were already underway with our testing.

(Barnett Dep., Exhibit B, pp. 37-38).

The creation of the Test Report and videotapes is a direct violation of Rule 26. Barnett's Report obviously did not include the October 24, 2003 Test Report, the videotapes, the conclusions reached in the Test Report or any reference that Barnett was planning to conduct such testing. Accordingly, Barnett should be barred from testifying in any manner as to his October 24, 2003 Test Report or the videotapes. *See* Fritter v. Dafina, Inc., 181 F.R.D. 215 (1988) (where the court barred the defendant's expert from testifying at trial concerning testing the expert performed two months after the defendant submitted the expert's Fed.R.Civ.P. 26 report on the grounds that the testing, photographs and videotape taken by the expert violated Rule 26 disclosure requirements and were an intolerable inconvenience to the plaintiffs and the court); Trost v. Trek Bicycle Corporation, 162 F.3d 1004 (8th Cir. 1998) (where the court affirmed the trial court's decision to bar the plaintiff's expert from offering opinions based on testing he conducted on a bicycle forty-two days after the completion of expert discovery).

### 2. Barnett's Opinions Concerning His Comparative Analysis Should Be Barred

In his deposition, Barnett states that, following the issuance of his Report, he began gathering data and formulating opinions as to the comparative safety of window blind cords to other causes of accidental deaths. At his deposition, Barnett produced a series of documents to support his opinions. These documents were marked as Group Exhibit 3 to the deposition and were entitled:

- "Deaths, 0-4 Years Old"
- "Swimming Pool Deaths, 0-4 Years Old"
- "Crib Deaths, 0-4 Years Old"
- "Bed Deaths, 0-4 Years Old"
- "Bucket Deaths, 0-4 Years Old"
- "Plastic Bag Deaths, 0-4 Years Old"
- "Window Cord Deaths, 0-4 Years Old"
- "Scouting Resources – Knots A through G"
- Blow up from dictionary
- "Rigging Manual, compiled by D.E. Dickie, Professional Engineer"
- "Scout Knowledge"

None of these opinions or documents were part of Barnett's Report. (Attached as Exhibit D is a copy of the documents marked as Group Exhibit 3 to his deposition). In fact, these documents were not given to defendants' counsel until approximately 4:00 p.m. the day before the deposition. When asked why Barnett's comparative analysis was not performed prior to August 28, 2003, Barnett testified as follows:

> Q. Sir, do you know when you began the process of assembling this information for this report that's reflected on page 1 of Exhibit 3?
>
> A. The beginning would have been a decision that I made probably weeks before, but actually going and getting the data started about a week ago.
>
> Q. Is there any reason that you didn't decide to take the comparative approach that's reflected in the first page of Exhibit 3, the reason you didn't come to that concept approach prior to August 28, 2003?
>
> A. No real reason. I just keep -- I'm always thinking about this case.

(Barnett Dep., Exhibit B, pp. 113-126).

9

Based on this testimony, it is clear that Barnett's opinions concerning his comparative analysis were not part of his Report. Therefore, he should be barred from offering any opinions at trial regarding his comparative analysis or from referring to any documents contained in Group Exhibit 3 to his deposition.

3. **Barnett Should Be Barred From Offering Any Opinions Regarding The Documents Contained In Group Exhibit 4 To His Deposition**

On the day of his deposition, Barnett produced four file folders of documents which, with the exception of four documents, were not referenced in his Report or produced as part of his file. In fact, Barnett testified that he had gathered these additional materials on October 30, 2003, the day before his deposition. (Barnett Dep. Exhibit B, pp 18-19). Plaintiffs had these documents marked as Group Exhibit 4 to Barnett's deposition. Group Exhibit 4 consists of file folders marked:

- Literature
- Accident Statistics
- Accident Frequency Rate
- Knots

The individual documents contained within these file folders are:

Literature:

- Classification of Safety Devices
- Philosophical Aspects of Dangerous Safety Systems
- The Principal of Uniform Safety
- The Principals of Human Safety
- Reasonably Foreseeable Use
- Above Ground Swimming Pool Safety Concepts
- Safeguard Evaluation Protocol
- Dependency Hypothesis

10

- Dependency Hypothesis Part II
- Risk Analysis
- Safety Hierarchy

Accident Statistics:

- Copies of the deaths and graphs that were part of Exhibit 3

Accident Frequency Rate:

- A handwritten page entitled "Accident Frequency Rate, 2000"

Knots:

- Handwritings entitled "Knots"
- "Doctrine of Manifest Danger"
- "Design of Machines and Elements"
- Bungee Cord Danger Analysis
- Float Scaffold
- Commercial Tree Chipper: The Leg Pull In Hypotheses
- Ladder Rung vs. Side Rail Handgrip Strategy
- Ladder Slide Out – First Order Analysis
- Fall Protection: Minimum Weight Lanyard for Bow Hunters
- Anti Hair Entanglement
- Anti Hair Snare Pool Drain Cover

(Attached as Exhibit E is a copy of the documents marked as Group Exhibit 4 to his deposition).

With the exception of four documents entitled "Safeguard Evaluation Protocol," "The Dependency Hypotheses (Part I)," "The Dependency Hypotheses (Part II)", and "Risk Analysis," the remaining documents produced at his deposition were not referred to in Barnett's Report nor were they provided to counsel prior to the deposition. There is absolutely no justification for Barnett's identification and production of these documents on the day of the deposition. These documents were so voluminous that Barnett stated it would take all day for a person to

11

review the contents of Exhibit 4. (Barnett Dep., Exhibit B, p. 151). How is a party, when confronted with all of these new documents, supposed to adequately depose an expert when the expert, himself, states that it would take all day to review the documents? The prejudice to that party is substantial. Barnett's conduct indicates he has no regard for this Court's rules. Barnett's actions should not be tolerated and the appropriate sanction is to exclude him from testifying in this matter.

### B. The Defendants' Conduct With Respect To Barnett Was Neither Justified Nor Harmless.

As stated above, the sanction of exclusion of a witness is automatic and mandatory unless the sanctioned party can show that its violation of Rule 26(a) was either justified or harmless. David v. Caterpillar, Inc., 324 F.3d 851 (7th Cir. 2003); Salgato v. General Motors Corporation, 150 F.3d 735 (7th Cir. 1998). In order to determine whether a violation of Rule 26 was either justified or harmless, the court in David v. Caterpillar, Inc., 324 F.3d 851 (7th Cir. 2003) set forth four factors to guide the court in its determination. Those factors are:

1. The prejudice of surprise to the party against whom the evidence is offered.

2. The ability of the party to cure the prejudice.

3. The likelihood of obstruction to the trial.

4. The bad faith or willfulness involved in not disclosing the evidence at an earlier date.

324 F.3d at 857

Barnett's failure to disclose in his Report all of his opinions, documents and exhibits, satisfies all of these guidelines. The prejudice to the plaintiffs is that the defendants have been allowed to conduct expert discovery beyond the discovery completion date, the plaintiffs had no

opportunity to prepare for the new opinions and documents disclosed in Barnett's deposition, and the plaintiffs are now forced to request this Court to re-open discovery in order to address the additional disclosures of Barnett which will only delay the trial of this matter. *See*, In re Brand Name Prescription Drugs Antitrust Litigation, 2000 WL 748155 (N.D.Ill. 2000) (where one of the grounds that supported the court's granting of defendant's motion to strike plaintiff's supplemental expert report was that the additional delay resulting from re-opening expert discovery was prejudicial to the defendant); Salgado v. General Motors Corp., 150 F.3d 735 (where the court affirmed the trial court Rule 37 sanction of exclusion of plaintiff's expert witness on the grounds that plaintiff's expert witness report failed to comply with the requirements of Rule 26).

The defendants have absolutely no explanation or justification as to why all of Barnett's opinions, tests and documents were not part of his Report and were not disclosed to the plaintiffs until the day of his deposition. The defendants' conduct is in direct violation of Rule 26(a) and is so egregious that Barnett should be excluded from testifying at trial, and this Court should award the plaintiffs the costs and fees incurred in deposing Barnett and in bringing this Motion.

| | |
|---|---|
| JAMES E. DAHL (0568724) <br> PAUL BONADIES (6206589) <br> DAHL & BONADIES <br> 225 West Washington Street, #1640 <br> Chicago, Illinois 60606 <br> 312/641-3245 | MARK WACHHOLZ, as Administrator of the Estate of Alex Wachholz, et al. <br><br> By: _____ <br> One of Their Attorneys |

13